GARRISON, Judge.
This is an appeal from a judgment of the Civil Service Commission dismissing Michael Sorina from his employment with the Department of Sanitation. From that judgment, Sorina appeals.
Sorina, a 9 year employee of the Dept, of Sanitation, was absent from work from May 17,1985 onward for approximately the next 6 weeks. On June 13, 1985, at the request of Cecil McFarland, Street Sanitation Superintendent, Anthony Stant, Deputy Director wrote a certified letter to Sori-na indicating that the 3 medical excuses signed by his physician and presented to the Department were insufficient and unless Sorina provided more documentation he would be dismissed. The letter gave Sorina a deadline date of Monday, June 24, 1985. Although the letter was dated June 13, Stant did not mail it until June 17th, as evidenced by the envelope. In addition, the certified mail receipt indicates that Sorina did not receive the letter until Tuesday, June 25, 1985.
The certified receipt is in accordance with the testimony of Michael and Donna Sorina, who both testified that the letter was received on Tuesday, June 25th. Upon receipt of the letter, Sorina immediately called McFarland and set up a meeting for the next day, Wednesday, June 26th at 10:00 a.m. McFarland told Sorina that he could have an additional week to obtain more medical information. Also on Tuesday the Sorinas met with Dr. McGee and asked him to provide complete written records. Mrs. Sorina copied her husband’s medical records. They obtained some, but not all of the records as Sorina was being treated by two physicians, one of whom was not immediately available. Dr. Stewart had informed them that releasing such delicate information to non-medical personnel was unwise. The Sorinas were obtaining the medical records to present to McFarland at the meeting the next day.
The next day, Wednesday, Mr. Payton, Sorina’s foreman, called him at 8:00 a.m. to inform him that McFarland was canceling the 10:00 a.m. meeting until further notice. McFarland never rescheduled the meeting.
On Friday the 28th, Mrs. Sorina picked up her husband’s check and was handed a termination letter written by Cecil McFarland and dated July 1, despite McFarland’s statement that he would give Sorina an extra week to obtain the information.
McFarland did not speak to Sorina’s physicians, nor did he request Sorina to see the City physicians, nor did he request that the City’s physicians contact Sorina’s, nor did he ask Sorina to sign a medical release form so that McFarland could get copies of the records.
At the time of termination, Sorina had accrued and unused 61.32 days in annual leave and 88.09 days in sick leave. He had presented the Department with three notes from physicians stating he was unable to work at that time. He was found able to return to work on July 16, 1985 by Dr. Stewart but by that time he was already terminated.
It is apparent that Sorina should be reinstated. He complied as much as he was able and was in the process of further complying when he was terminated. Additionally, McFarland first gave Sorina additional time in which to comply and then failed to abide by the limits which he had set. McFarland failed to schedule another meeting. The Department of Sanitation, through its employee, McFarland, failed to act in good faith in the instant case.
For the reasons discussed, the judgment of the Commission is reversed and judgment is rendered as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be and hereby is judgment in favor of Michael Sorina, Sr. and against the Department of Sanitation, City of New Orleans, reinstating Mr. Sori- *583 na with full back pay, sick leave, annual leave and other emoluments of office.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Department of Sanitation be and hereby is condemned to pay all costs for this appeal.
REVERSED AND RENDERED.